# EXHIBIT A

KIM PAYTON-FERNANDEZ, et al., v. BURLINGTON STORES, INC., et al.,
Civil Action No. 1:22-cv-00608 (AMD)

## RIDER TO SETTLEMENT AGREEMENT ("Rider")

**WHEREAS**, Kim Payton-Fernandez, Lavern Coleman, and Darniel Williams, the named plaintiffs ("Plaintiffs" or "Named Plaintiffs") in *Kim Payton-Fernandez et al. v. Burlington Stores, Inc., et al.*, Civil Action No. 1:22-cv-00608 (the "Lawsuit"), which is pending in the United States District Court for the District of New Jersey (the "Court"), and Defendants Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investments Holdings, Inc., and Burlington Coat Factory Holdings, LLC (together "Burlington") (all collectively referred to as the "Parties") entered into a Settlement Agreement which was filed with the Court as ECF 104-3; and

**WHEREAS**, the Parties desire to add to and amend certain provisions in the Settlement Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in the Settlement Agreement and herein, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

  1. The Parties stipulate, for settlement purposes only, to the final certification of a collective consisting of Named Plaintiffs and the 828 Opt-Ins to this Lawsuit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which the Parties agree is appropriate, for settlement purposes, because they agree that the Plaintiffs and Opt-Ins all are, by a predominance of the evidence concerning the work each had to perform as a Burlington ASM and identity of claims asserted (as described by the Court in its Conditional Certification Order (ECF 54 at 6-18), "similarly situated" to the Named Plaintiffs under the FLSA.

  2. Paragraph 5(d) of the Settlement Agreement is hereby deleted and replaced with the following paragraph:

  All Settlement Checks issued to Participating Collective Members shall remain negotiable for a period of 90 calendar days from the date of the Settlement Administrator's mailing as reflected by the postmark on the mailing. To the extent that Settlement Checks are not deposited or cashed by a Participating Collective

Member within 30 calendar days of mailing, the Settlement Administrator shall make reasonable efforts to contact the Participating Collective Member by phone and by mail. Reasonable extensions of the 90-calendar day period will be granted by the Settlement Administrator, if needed, as to deceased Participating Collective Members or to Participating Collective Members whose Settlement Checks are returned as undeliverable and the Settlement Administrator is able to determine their new address and remail the Settlement Check to such Participating Collective Members. To the extent there remain any funds in the QSF due to uncashed Settlement Checks within 150 calendar days after the Settlement Check Mailing Deadline, the remaining funds shall be redistributed to those Participating Collective Members who did cash or deposit their checks, based on the same allocation formula used to determine the original Settlement Check amounts for the Participating Collective Members, but only to the extent the Participating Collective Member would receive at least $20.00.

3. The definition of "Service Awards" on page 5 of the Settlement Agreement is deleted and replaced with the following:

   <u>Service Awards</u> means the monetary awards approved by the Court that Burlington will not oppose for Payton-Fernandez, Coleman, and Williams for their initiation of and contributions to the prosecution of this Action. Payton Fernandez's, Coleman's, and Williams' Services Awards shall be paid from the Maximum Settlement Amount.

4. The phrase "and in exchange for the General Release set forth in Paragraph 7 above" is deleted from Paragraph 8 of the Settlement Agreement.

5. The last sentence of Paragraph 8 is replaced with the following: The Settlement Administrator will pay the Service Awards within 10 days after the Effective Date.

6. Paragraph 7(c) of the Settlement Agreement is deleted and replaced with the following:

   Within five days following the Effective Date, Payton-Fernandez, Coleman, and Williams and Burlington will execute mutual General Releases ("General Releases") as follows:

   (i) Named Plaintiffs' General Release will release any and all claims and causes of action, whether known or unknown, that they may have

Docusign Envelope ID: CA9E1938-730B-489F-BE38-72CBD90990F4

against any and all of the Released Parties (as defined herein) from the beginning of time through the date the General Release is signed. The claims and causes of action to be released by Payton-Fernandez, Coleman, and Williams in the General Release include, but are not limited to, the following: wage and hour claims; contract claims; claims for salary, incentive payments, benefits, bonuses, restricted stock awards, stock options, severance pay, commissions, or vacation pay; claims sounding in negligence or tort; fraud claims; claims for medical bills; all matters in law, in equity, or pursuant to statute, including damages, attorneys' fees, costs, and expenses; and, without limiting the generality of the foregoing, to all claims, including, but not limited to, those arising under the Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Americans with Disabilities Act; 42 U.S.C. § 1981; the Age Discrimination in Employment Act (if applicable); the Older Workers' Benefit Protection Act (if applicable); the Employee Retirement Income Security Act; the Genetic Information Nondiscrimination Act; the Family and Medical Leave Act; the wage/hour laws and regulations of any state; and any other federal, state, or local law, statute, or ordinance affecting Payton-Fernandez's, Coleman's, and Williams' employment with Burlington and any interactions with any of the Released Parties ("Named Plaintiff Released Claims"); and

Payton-Fernandez, Coleman, and Williams will also acknowledge the language of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.

Payton-Fernandez, Coleman, and Williams will expressly waive the protection of Section 1542 (and analogous state provisions). Payton-

3

Fernandez, Coleman, and Williams understand and agree that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Payton-Fernandez's, Coleman's, and Williams' intention to settle and fully release all of the claims they now have against the Released Parties, whether known or unknown, suspected or unsuspected.

Payton-Fernandez, Coleman, and Williams will further state that they understand and agree that this release does not release any claims that the law does not permit them to release. They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; (ii) their rights, if any, to claim government-provided unemployment benefits; or (iii) any rights or claims which may arise or accrue after they sign this Agreement and General Release.

(ii) Burlington's General Release will release each Named Plaintiff from any and all claims and causes of action, whether known or unknown, that they may have against any and all of the Named Plaintiffs (and any of their heirs or assigns) from the beginning of time through the date the General Release is signed. The claims and causes of action to be released by Burlington in the General Release include, but are not limited to, any claim relating to any of the Named Plaintiff Released Claims and any claim that is a matter in law, in equity, or pursuant to statute, including for damages, attorneys' fees, costs, and expenses, relating to the initiation or prosecution of this Action by any Named Plaintiff.

Burlington will also acknowledge the language of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASING PARTY.

Burlington will expressly waive the protection of Section 1542 (and analogous state provisions). Burlington understands and agrees that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Burlington's intention to settle and fully release all of the claims they now have against the Named Plaintiffs, whether known or unknown, suspected or unsuspected.

Burlington will further state that they understand and agree that this release does not release any claims that the law does not permit them to release. They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; or (ii) any rights or claims which may arise or accrue after they sign this Agreement and General Release.

Executed this 7th day of November 2024 by: *Karen Leu* (DocuSigned)

Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investments Holdings, Inc., and Burlington Coat Factory Holdings, LLC

Print Name:  Karen Leu

Title:  General Counsel


Executed this __ day of _____ 2024 by: _____
Kim Payton-Fernandez


Executed this __ day of _____ 2024 by: _____
Darniel Williams


Executed this __ day of _____ 2024 by: _____
Lavern Coleman

Burlington will expressly waive the protection of Section 1542 (and analogous state provisions). Burlington understands and agrees that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Burlington's intention to settle and fully release all of the claims they now have against the Named Plaintiffs, whether known or unknown, suspected or unsuspected.

Burlington will further state that they understand and agree that this release does not release any claims that the law does not permit them to release. They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; or (ii) any rights or claims which may arise or accrue after they sign this Agreement and General Release.

Executed this __ day of _____ 2024 by: _____
Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investments Holdings, Inc., and Burlington Coat Factory Holdings, LLC

Print Name: Karen Leu

Title: General Counsel

Executed this __ day of _____ 2024 by: _____
Kim Payton Fernandez (Nov 6, 2024 17:18 EST)
Kim Payton-Fernandez

Executed this __ day of _____ 2024 by: _____
Darniel Williams

Executed this __ day of _____ 2024 by: _____
Lavern Coleman

5

Burlington will expressly waive the protection of Section 1542 (and analogous state provisions). Burlington understands and agrees that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Burlington's intention to settle and fully release all of the claims they now have against the Named Plaintiffs, whether known or unknown, suspected or unsuspected.

Burlington will further state that they understand and agree that this release does not release any claims that the law does not permit them to release. They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; or (ii) any rights or claims which may arise or accrue after they sign this Agreement and General Release.

Executed this __ day of _____ 2024 by: _____
Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investments Holdings, Inc., and Burlington Coat Factory Holdings, LLC

Print Name: Karen Leu

Title: General Counsel


Executed this __ day of _____ 2024 by: _____
Kim Payton-Fernandez

Executed this __ day of _____ 2024 by: *Darniel williams (Nov 6, 2024 17:28 EST)*
Darniel Williams

Executed this __ day of _____ 2024 by: _____
Lavern Coleman

5

Burlington will expressly waive the protection of Section 1542 (and analogous state provisions). Burlington understands and agrees that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Burlington's intention to settle and fully release all of the claims they now have against the Named Plaintiffs, whether known or unknown, suspected or unsuspected.

Burlington will further state that they understand and agree that this release does not release any claims that the law does not permit them to release. They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; or (ii) any rights or claims which may arise or accrue after they sign this Agreement and General Release.

Executed this ___ day of _____ 2024 by: _____
Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investments Holdings, Inc., and Burlington Coat Factory Holdings, LLC

Print Name: Karen Leu

Title: General Counsel

Executed this ___ day of _____ 2024 by: _____
Kim Payton-Fernandez

Executed this ___ day of _____ 2024 by: _____
Darniel Williams

Executed this ___ day of _____ 2024 by: _*signature*_ Lavern Coleman (Nov 6, 2024 15:15 PST)
Lavern Coleman

5